UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JONATHAN CARPENTER,<br><br>Defendant | Criminal No. 26cr10022<br><br>Violation:<br><br>Count One: Theft of Government Money (18 U.S.C. § 641)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1. Defendant JONATHAN CARPENTER lived in Peabody, Massachusetts.

2. CARPENTER had a personal bank account at Salem Five Bank.

3. CARPENTER had Massachusetts criminal convictions for larceny, larceny by false pretenses, and possession with intent to distribute controlled substances, among other offenses.

4. Homeland Electric, LLC ("Homeland Electric") was a Massachusetts limited liability company organized on July 30, 2010. CARPENTER was the resident agent and sole manager of Homeland Electric. The Commonwealth of Massachusetts involuntarily dissolved Homeland Electric on June 30, 2015.

5. Between December 8, 2018, and January 13, 2021, CARPENTER worked full-time as a project manager for an electrical contractor in Danvers, Massachusetts.

The Economic Injury Disaster Loan Program

6. The United States Small Business Administration ("SBA") was an executive

1

branch agency of the United States government that provided support, including government-backed loans, to qualifying small businesses.

7. The Economic Injury Disaster Loan ("EIDL") program was an SBA program that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or about March 2020 that was designed to provide emergency financial assistance to Americans suffering economic harm as a result of the COVID-19 pandemic. The CARES Act authorized the SBA to provide EIDLs, and advances that did not need to be repaid, to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic.

8. In order to obtain an EIDL, a qualifying small business had to submit an application to the SBA that provided information about its operations, such as its number of employees, its gross revenues for the 12-month period preceding the disaster, and its cost of goods sold in the 12-month period preceding the disaster. In the case of EIDLs for COVID-19 relief, the 12-month period ran from January 31, 2019, to January 31, 2020.

9. An EIDL applicant also had to certify that all of the information in the application was true and correct to the best of the applicant's knowledge and to attest to certain threshold eligibility requirements set by federal regulation, including whether "[f]or any criminal offense – other than a minor vehicle violation – [the applicant had] ever been convicted, plead [sic] guilty, plead [sic] nolo contendere, been placed on pretrial diversion, or been placed on any form of parole or probation (including probation before judgment)."

10. Applicants submitted EIDL applications directly to the SBA. The SBA determined

2

the amount of the loan, if approved, based in part on the information provided by the applicant about its employment, revenue, and costs of goods. The SBA issued EIDL funds directly to the borrower. The EIDL funds could be used as working capital to alleviate economic injury caused by the COVID-19 pandemic.

### CARPENTER's Theft of Government Money

11. CARPENTER defrauded the SBA in 2020 by applying for and obtaining an EIDL for "Homeland Electric," doing business as "Home Land Electrical Contractors," an electrical contractor that had not existed for approximately five years at the time of his application.

12. Beginning on or about April 19, 2020, and continuing through in or about May 18, 2020, CARPENTER submitted COVID-19-related loan applications to the SBA. CARPENTER claimed that he was the 100 percent owner of Homeland Electric. CARPENTER also falsely claimed that Homeland Electric was established on March 1, 2011; had gross receipts of $250,000; and had eight employees as of January 31, 2020. CARPENTER also failed to indicate that he had a criminal record.

13. On or about May 22, 2020, the SBA approved CARPENTER's EIDL application.

14. On or about May 24, 2020, CARPENTER signed an EIDL funding agreement with the SBA. Among other things, CARPENTER agreed to "use all proceeds of this Loan solely as working capital to alleviate economic injury caused by disaster occurring in the month of January 31, 2020 and continuing thereafter . . . ." CARPENTER certified that "[a]ll representations in the Borrower's Loan application (including all supplementary submissions) [were] true, correct and complete and [were] offered to induce SBA to make this Loan."

15. On or about May 26, 2020, in reliance on CARPENTER's representations, the SBA

3

wired $116,900 in EIDL funds into CARPENTER's account at Salem Five Bank. The SBA also paid a $100 filing fee, for a total loan amount of $117,000.

16. On or about May 27, 2020, the SBA wired an advance of $8,000 in EIDL funds to CARPENTER's account at Salem Five Bank.

17. On or about May 28, 2020, Salem Five Bank credited CARPENTER's account with these funds, totaling approximately $124,900.

18. CARPENTER, through approximately December 16, 2020, withdrew most of this money for his personal benefit, including to pay off credit card and phone bills; to purchase stocks and other securities through retail brokerage accounts at Charles Schwab, Robinhood and TD Ameritrade; and in cash withdrawals.

4

## COUNT ONE
### Theft of Government Money
### (18 U.S.C. § 641)

The Grand Jury charges:

19. The United States re-alleges and incorporates by reference paragraphs 1 through 18 of this Indictment.

20. From on or about April 19, 2020, through on or about May 28, 2020, in the District of Massachusetts and elsewhere, the defendant,

### JONATHAN CARPENTER,

did knowingly and willfully embezzle, steal, purloin, and convert to his use and the use of another any money and thing of value of the United States in a total amount greater than $1,000, namely EIDL funds having a value of approximately $125,000.

All in violation of Title 18, United States Code, Section 641.

## FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further alleges:

21. Upon conviction of the offense in violation of Title 18, United States Code, Section 641, set forth in Count One, the defendant,

### JONATHAN CARPENTER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following asset:

    a. $125,000, to be entered in the form of a forfeiture money judgment.

22. If any of the property described in Paragraph 21, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 21 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

███████████

FOREPERSON

TIMOTHY E. MORAN
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: JANUARY 28, 2026
Returned into the District Court by the Grand Jurors and filed.

/s/Thomas F. Quinn  1/28/26 @ 1:25pm.

DEPUTY CLERK

7